# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS J. PARIS,                :

    Petitioner                :  CIVIL ACTION NO. 3:20-1179

  v.                                    :         (JUDGE MANNION)

                                   :

COMM. OF PA,

                                   :

    Respondent

## MEMORANDUM

Petitioner, Thomas J. Paris, an inmate confined in the State Correctional Institution, Chester, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). He attacks a sentence imposed by the Court of Common Pleas for Schuylkill County, Pennsylvania. Id. A response (Doc. 22) and traverse (Doc. 18) having been filed, the petition is ripe for disposition. For the reasons outlined below, the Court will deny the petition for writ of habeas corpus.

**I.      Background**

The following background of Petitioner's sentence has been extracted from the Pennsylvania Superior Court's March 30, 2020 Memorandum Opinion quashing Petitioner's appeal as untimely. (Doc. 22-1 at 48).

> Thomas Joseph Paris appeals from the judgment of sentence imposed following his guilty plea to one count of receiving stolen property, **see** 18 Pa.C.S.A. §3925(a), and one count of identity theft, **see** 18 Pa.C.S.A. §4120(a). As we conclude we lack jurisdiction due to Paris's untimely appeal, we quash.
>
> Paris pleaded guilty on May 20, 2019, and on that same date received a sentence of twelve to twenty-four months of incarceration. Paris did not file a post-sentence motion. Instead, while still represented by counsel, he filed a *pro se* notice of appeal. Paris's notice of appeal purports to appeal from an order entered on June 1, 2019, and features a handwritten date, ostensibly the date the notice was written, of June 2, 2019. However, that same notice of appeal also indicates that it was processed by the Luzerne County Clerk of Courts Criminal Division on July 11, 2019, and received by our Court on July 15, 2019.
>
> After the trial court received Paris's notice of appeal, it directed him to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Instead of filing a statement, Paris's counsel moved for the appointment of conflict counsel. After the court granted the motion, Paris's new counsel filed a concise statement identifying that Paris's appeal lacked any meritorious appellate issues. Moreover, that statement explained that no objections were placed on record nor were any post-trial motions filed. Subsequently, Paris's new counsel filed an **Anders** brief with our Court pursuant to **Anders v. California**, 386 U.S. 738 (1978), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

> As he did not file a post-sentence motion, Paris had until June 19, 2019, thirty days from the imposition of his sentence, to file a notice of appeal. **See** Pa.R.Crim.P. 720(A)(3). Paris's notice of appeal was not docketed in the trial court until July 11, 2019 and was therefore facially untimely. He did not seek any kind of *nunc pro tunc* relief from the trial court.
>
> As Paris was incarcerated, his *pro se* filing is "deemed filed as of the date it was delivered to the prison authorities for purposes of mailing or placed in the institutional mailbox." Pa.R.A.P. 121(a). However, there is no "properly executed prisoner cash slip or reasonably verifiable evidence," **id**., evincing "the date that [Paris] deposited," **id**., his filing with prison authorities for mailing. The only evidence in support of a timely filing appears to be a handwritten "6-2-2019" on Paris's notice of appeal.
>
> This Court issued a rule for Paris to show cause why his appeal should not be quashed as untimely. In response, Paris's counsel submitted a one-sentence letter requesting that Paris's *pro se* notice of appeal be treated as a notice of appeal *nunc pro tunc*. Given this request, counsel did not file or identify any evidence that could support an inference that Paris's *pro se* notice of appeal was timely filed.

(Doc. 22-1 at 48-50). On March 30, 2020, the Pennsylvania Superior Court quashed Paris' notice of appeal as untimely. Id.

On April 13, 2020, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania. (Doc. 1). He raised the following three grounds for relief: (1) Ineffective assistance of counsel; (2) Incorrect sentence; and (3) Excessive detainer. Id. By Order dated June 11, 2020 the Eastern District transferred

the petition for writ of habeas corpus to the Middle District, where it was received on July 10, 2020.

## II. **Standard of Review**

A habeas corpus petition pursuant to 28 U.S.C. §2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973). 28 U.S.C. §2254, provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States
>
> ....
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254. Section 2254 sets limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner. Cullen v. Pinholster, 563 U.S. 170, 181 (2011); Glenn v. Wynder, 743 F.3d 402, 406 (3d Cir. 2014). A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). This limitation places a high threshold on the courts. Typically, habeas relief will only be granted to state prisoners in those instances where the conduct of state proceedings resulted in "a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." Reed v. Farley, 512 U.S. 339, 348 (1994) (citations omitted).

Paris' case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA").

## III. Discussion

It is first necessary to determine whether Petitioner's claims presented in his habeas petition are cognizable in a federal habeas proceeding and

whether they have been exhausted in the state courts and, if not, whether the circumstances of his case are sufficient to excuse his procedural default. Under 28 U.S.C. §2254(b), a state prisoner must exhaust available state court remedies before seeking federal habeas corpus relief. To comply with the exhaustion requirement, a state prisoner first must have fairly presented his constitutional and federal law issues to the state courts through direct appeal, collateral review, state habeas proceedings, mandamus proceedings, or other available procedures for judicial review. See, e.g., Castille v. Peoples, 489 U.S. 346, 351 (1989); Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996), abrogated on other grounds by Beard v. Kindler, 558 U.S. 53 (2009); Burkett v. Love, 89 F.3d 135, 137 (3d Cir. 1996). Moreover, a petitioner must present every claim raised in the federal petition to the state's trial court, intermediate appellate court, and highest court before exhaustion will be considered satisfied. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The petitioner has the burden of establishing that the exhaustion requirement has been met. Ross v. Petsock, 868 F.2d 639, 643 (3d Cir. 1989); O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987).

Exhaustion is not a jurisdictional limitation, however, and federal courts may review the merits of a state petitioner's claim prior to exhaustion when no appropriate state remedy exists. Christy v. Horn, 115 F.3d 201, 206 (3d

Cir. 1997); Doctor, 96 F.3d at 681; Carter v. Vaughn, 62 F.3d 591, 594 (3d Cir. 1995). Nevertheless, a petitioner shall not be deemed to have exhausted state remedies if he has the right to raise his claims by any available state procedure. See 28 U.S.C. §2254(c).

Turning to procedural default, if a petitioner presents unexhausted habeas claims to a federal court, but state procedural rules bar further state court review, the federal court will excuse the failure to exhaust and treat the claims as exhausted. Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001); Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); see Teague v. Lane, 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are considered procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 749 (1991); Lines, 208 F.3d at 160.

A federal habeas court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either: (1) "cause" for the procedural default and "actual prejudice" as a result of the alleged violation of federal law; or (2) failure to consider the claims will result in a "fundamental miscarriage of justice." See McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman, 501 U.S. at 750; Caswell v. Ryan, 953 F.2d 853, 857, 861-62 (3d Cir. 1992). To satisfy the first exception, a petitioner must show: (1) cause for his failure to raise his claim in state court;

and (2) prejudice to his case as a result of that failure. Coleman, 501 U.S. at 750. To demonstrate "cause" for a procedural default, the petitioner must show that something "external" to the defense impeded the petitioner's efforts to comply with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). Once "cause" has been successfully demonstrated, a petitioner must then prove "prejudice." "Prejudice" must be something that "worked to [petitioner's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 494. Alternatively, a federal court may excuse a procedural default when the petitioner establishes that failure to review the claim will result in a fundamental miscarriage of justice. See Werts v. Vaughn, 228 F.3d 178, 192-93 (3d Cir. 2000).

Respondent contends that all of Petitioner's claims were not properly exhausted in state court. Upon review of the record, the Court agrees. To comply with the exhaustion requirement, Petitioner was required to present all of his federal habeas claims to the state courts in his direct appeal or in a PCRA proceeding. Because Petitioner did not raise any of his claims with the state courts prior to filing his federal habeas petition, the Court must now determine whether Petitioner has any other available state court remedy through which he can present his unexhausted claims.

Under the PCRA, a petitioner may file a PCRA petition only if it is filed within one (1) year of the date the judgment becomes final unless the petitioner alleges facts that meet one of the requirements set forth in 42 Pa. Cons. Stat. §9545(b)(1), which Petitioner has not. The Supreme Court of Pennsylvania has held that the PCRA's timeliness requirements are mandatory and jurisdictional in nature; thus, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner. See, e.g., Commonwealth v. Murray, 753 A.2d 201, 202-03 (Pa. 2000). Petitioner therefore no longer has the procedural means to raise his claims in the state courts as the PCRA's one-year statute of limitations has expired.

The PCRA's time limitations are an independent and adequate state law ground sufficient to invoke the procedural default doctrine for purposes of federal court review. See Lines, 208 F.3d at 165. As set forth above, the Court may not review Petitioner's defaulted claims unless he establishes cause and prejudice or a fundamental miscarriage of justice. McCandless, 172 F.3d at 260. Petitioner neither argues cause and prejudice, nor the

existence of a fundamental miscarriage of justice.[1] Consequently, he is not entitled to habeas corpus relief on any of the three grounds he raises.

IV. **Certificate of Appealability**.

Pursuant to 28 U.S.C. §2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. §2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). In the instant matter, jurists of reason would not find the disposition of the instant petition debatable. As such, no COA will issue.

---

[1] Petitioner does not address exhaustion and procedural default in his traverse. Rather, Petitioner argues that he is "in custody of the Commonwealth of PA three years and six months on an incorrect sentence and incorrect sentence computation." (Doc. 23). He concludes that "the versions of sentence currently are incorrect to cause a liberty interest to the Plaintiff and denied the due process of a correct sentence." Id. This, however, does not demonstrate cause and prejudice or the existence of a fundamental miscarriage of justice to allow Petitioner to overcome the procedural default of his claims.

The denial of a certificate of appealability does not prevent Paris from appealing the order denying his petition so long as he seeks, and obtains, a certificate of appealability from the Third Circuit Court of Appeals. <u>See</u> Fed.R.App.P. 22(b)(1).

**V. Conclusion**

For the reasons set forth above, the petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 will be denied and the case will be closed.

A separate Order will be issued.

<u>*s/ Malachy E. Mannion*</u>
**MALACHY E. MANNION**
**United States District Judge**

**DATE: September 23, 2021**
20-1179-01